UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOUTHWEST MARINE AND
GENERAL INSURANCE COMPANY,
*et al.*,

                        Plaintiffs,

-v-

MAIN STREET AMERICA
ASSURANCE COMPANY,

                        Defendant.

21-CV-2714 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    This is an insurance coverage dispute originally filed in New York state court by Plaintiffs Southwest Marine and General Insurance Company and Cum Laude Group, Inc. against Defendant Main Street America Assurance Company. After Defendant removed the action to this Court, Plaintiffs filed a motion to remand to state court. For the reasons that follow, the motion to remand is denied.

**I.  Background**

    Plaintiffs filed this action on January 28, 2021, in New York Supreme Court for Westchester County. On February 9, 2021, Plaintiffs mailed a copy of the summons and complaint to the New York State Department of Financial Services ("NYSDFS") (*see* Dkt. No. 11-2 at 28), which the NYSDFS received on February 12, 2021 (*See* Dkt. No. 11-4 at 2). NYSDFS forwarded the summons and complaint to Corporation Service Company ("CSC"), Defendant's registered agent for service of process, pursuant to New York Insurance Law § 1212. (Dkt. No. 12 at 3.) CSC received the pleadings from NYSDFS on March 18, 2021, and emailed these documents to Defendant on March 22, 2021. (Dkt. No. 12-1 ¶¶ 4–5.) After receiving the pleadings, Defendant filed a notice of removal on March 30, 2021, thereby

1

automatically removing the case to this Court. (Dkt. No. 1.) Plaintiffs then filed a motion for remand to state court on April 9, 2021. (Dkt. No. 11.) Defendant has opposed to motion to remand. (Dkt. No. 12.)

## II.     Legal Standard

A defendant seeking to remove a civil action from state court to federal court must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1466(b)(1). A plaintiff may move to remand a case back to state court "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

## III.    Discussion

Plaintiffs move to remand solely on the ground that the removal was untimely. Plaintiffs contend that the thirty-day period to file a notice of removal set forth by 28 U.S.C. § 1446(b)(1) began on February 12, 2021, when NYSDFS received the summons and complaint. (*See* Dkt. No. 11-1 ¶ 7.) Defendant counters that the period began on March 18, 2021, when its registered agent CSC received the documents from NYSDFS. (*See* Dkt. No. 12 at 3.) NYSDFS is a "statutory agent" — an entity designated by law to receive service of process for an insurance company. CSC, in contrast, is a "registered agent," or an agent designated by Defendant itself to receive service on Defendant's behalf. Thus, the question to answer is whether the clock for removal begins upon receipt of pleadings by a statutory agent or by the defendant's registered agent.

The Second Circuit has not ruled on this question, but courts in this Circuit and elsewhere have held that the removal clock begins when the defendant, or its actual agent, receives the pleadings. *See, e.g.*, *Carr v. Marriott Int'l, Inc.*, No. 11 Civ. 8186, 2012 WL 1075160, at *1

(S.D.N.Y. Mar. 30, 2012) ("Courts within this circuit addressing section 1446(b) have consistently held that the thirty-day period for removal does not begin to run until the defendant—and not its statutory agent—receives notice that service has been made."); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004) ("[T]he thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint."); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("Consequently, we now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)"); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) (same).  A defendant is considered to have been served when the defendant itself actually receives the pleadings or its registered agent receives the pleadings.  *See McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, No. 14 Civ. 6989, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) ("[T]he weight of authority (both within the circuit and elsewhere) holds that actual receipt by the defendant (or the defendant's actual agent) starts the clock for removal.").

Plaintiffs' contention that receipt by NYSDFS on February 12, 2021 began the clock for removal is therefore without merit.  The Court concludes that the 30-day period for removal began on March 18, 2021, when CRC received the pleadings, making Defendant's notice of removal timely.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand the case to state court is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 11.

SO ORDERED.

Dated: September 28, 2021
       New York, New York

                                                J. PAUL OETKEN
                                          United States District Judge